**SO ORDERED.**

**SIGNED this 20th day of March, 2014.**



LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JILL DIANE SKERLAK and | ) | Case No. 13-10213 |
| MICHAEL FRANCIS SKERLAK | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| | ) | |
| JILL DIANE SKERLAK | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 13-02051 |
| | ) | |
| v. | ) | |
| | ) | |
| OAK HARBOR CAPITAL III, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court for hearing on February 5, 2014, after due and proper notice, upon Motion by Oak Harbor Capital III, LLC ("the Creditor") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and award attorney's fees. Appearing before the Court was Kenneth Love, counsel for Jill Diane Skerlak; Jennifer B. Lyday, counsel for the Creditor; Kathryn L. Bringle, Trustee; and Robert E. Price, Jr. on behalf

of the Bankruptcy Administrator's office. Following the hearing, and upon consideration of the motion to dismiss, the responses thereto, and the arguments of counsel, and for the reasons that follow, the Court will grant the motion to dismiss but deny the request to award attorney's fees.

## I.  FACTS

Jill Diane Skerlak (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 18, 2013. The Debtor listed a debt owed for credit card charges to Target National Bank in the amount of $3,616.00 on her Schedule F. The debt was not listed as disputed. By notice dated February 19, 2013, the filing deadline for proofs of claim was set for July 1, 2013. On May 20, 2013, Oak Harbor Capital III, LLC, c/o Weinstein and Riley PS, filed a proof of claim for $3,656.86 in unsecured "credit card/other" debt. Claim No. 9-1. The claim is signed by "Larry E. Johnson, BK Services Manager" as an authorized agent of the creditor. *Id.* Attached to the claim is an "Account Summary," which provides the Debtor's name, account balance, last payment date, and charge off date, among other information. Additionally, the account summary identifies the "Issuer" as Target National Bank.

On August 2, 2013, the Debtor filed a complaint objecting to the Creditor's proof of claim and alleging unfair debt collection. Specifically, the Debtor maintained that the Creditor violated the North Carolina Collection Agency Act ("NCCAA") by filing a proof of claim without first obtaining a North Carolina license as a debt collector and by failing to attach proper documentation to the proof of claim. This proof of claim was subsequently amended by the Creditor on August 23, 2013 to include documentation of the assignment from Target National Bank to Oak Harbor Capital, III, LLC and account statements. The Creditor then answered on September 3, 2013 and filed a motion to dismiss on September 11, 2013, contending that the Bankruptcy Code preempted the NCCAA and that the proof of claim was valid under existing

bankruptcy law.[1] The Creditor alleged that the complaint was meritless and frivolous and requested an award of attorney's fees.

## II. LEGAL ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Accordingly, the court presumes the truth of all factual allegations in the complaint but need not accept the plaintiff's legal conclusions, unwarranted inferences, or unreasonable arguments as true. *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009); *see Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). In deciding the motion, the court does not consider evidence outside the pleadings. *Lambeth v. Carolina Pers. Co., Inc.*, 358 F. Supp. 2d 484, 486 (M.D.N.C. 2005).

### B. Discussion

The Debtor seeks damages under North Carolina General Statute § 58-70-130 for the Creditor's alleged violations of the NCCAA. Specifically, the Debtor asserts that the Creditor is a "collection agency" and "debt buyer," and therefore violated N.C. Gen. Stat. §§ 58-70-115, -

---

[1] The Plaintiff's complaint alleges violations of N.C. Gen. Stat. §§ 58-70-115, -145, and -150. The Creditor's motion to dismiss asserts that these statutory provisions fall under the North Carolina Fair Debt Collection Act ("NCFDCA"). However, North Carolina General Statute § 58-70 et seq. is referred to as the North Carolina Collection Agency Act ("NCCAA"). The NCFDCA applies to statutory provisions under Chapter 75.

145, and -150 by filing a proof of claim without first obtaining a debt collection license and failing to attach a copy of the assignment documents.

The NCCAA governs the conduct of collection agencies and debt buyers, and regulates their ability to collect a debt. According to the NCCAA, a "collection agency" includes any person who solicits delinquent claims that are owed or due and any person who enforces or prosecutes such claims. N.C. Gen. Stat. § 58-70-15(a) (2013); *see id.* § 58-70-90(1). Similarly, a "debt buyer" refers to any person or entity engaged in the business of purchasing delinquent consumer debt for collection purposes. *Id.* § 58-70-15(b)(4). Creditors falling within the purview of these definitions must comply with special pleading requirements before initiating suit or attempting to collect a debt.

Specifically, N.C. Gen. Stat. § 58-70-115(5) prohibits collection agencies from using unfair practices while engaging in debt collection. *Id.* § 58-70-115. When the collection agency is a debt buyer, it may not collect the debt without valid documentation that the debt buyer owns the debt instrument. *See id.* The debt buyer must provide "reasonable verification" of its ownership, including the name of the original creditor, the address of the debtor, the account number, and a copy of the contract evidencing the consumer debt. *Id.* § 58-70-115(5). In applicable circumstances, the collection agency must also disclose its license number and the name of the issuing governmental agency in the complaint. *Id.* § 58-70-145. These statutes do not, however, apply in situations outside debt collection.

Additionally, N.C. Gen. Stat. § 58-70-150 requires that the debt buyer maintain proof of debt ownership and attach the following materials to the complaint to collect a debt:

> (1) A copy of the contract or other writing evidencing the original debt, which must contain a signature of the defendant. If a claim is based on credit card debt and no such signed writing evidencing the original debt ever existed, then

4

>copies of documents generated when the credit card was actually used must be attached.
>
>(2) A copy of the assignment or other writing establishing that the plaintiff is the owner of the debt. If the debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain the original account number of the debt purchased and must clearly show the debtor's name associated with that account number.

*Id.* § 58-70-150; *see In re Nussman*, 501 B.R. 297, 301-02 (Bankr. E.D.N.C. 2013). This provision thus "imposes a pleading requirement on debt buyers who file a *complaint to collect a debt*." *Nussman*, 501 B.R. at 302 (emphasis added); *see Pak v. Unifund CCR Partners*, No. 7:13-CV-70-BR, 2014 WL 238543, at *9 (E.D.N.C. Jan. 22, 2014). Such a requirement is evident from the provision's location within Part 5 of the NCCAA, which is titled, "Special Requirements in Actions Filed by Collection Agency Plaintiffs." *Pak*, 2014 WL 238543, at *9. Moreover, "§ 58-70-150 itself is titled, 'Complaint of a debt buyer plaintiff must be accompanied by certain materials.'" *Id.* Therefore, § 58-70-150 applies solely to lawsuits filed to collect debts.

To determine whether the Creditor engaged in unfair debt collection activity in violation of the provisions of the NCCAA, this Court must first determine whether filing a proof of claim in a Chapter 13 case constitutes such "debt collection" activity. While the Fourth Circuit has not addressed this issue, a majority of courts have refused to find a violation of the corresponding Fair Debt Collection Practices Act ("FDCPA") based on the filing of a proof of claim. *Covert v. LVNV Funding, LLC*, No. DKC 13-0698, 2013 WL 6490318, at *6 (D. Md. Dec. 9, 2013) ("The majority of courts, however, have held that filing proofs of claim, even if unlawful, does not constitute debt collection activity."); *see Rhodes v. Diamond*, 433 F. App'x 78, 80 (3d Cir. 2011) ("Here, the District Court correctly found that Appellants' claims arising from PHS's conduct in bankruptcy proceedings—*i.e.*, its filing of, and subsequent failure to amend, allegedly inflated

5

proofs of claim—cannot give rise to FDCPA or state law causes of action."); *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010) ("Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action."); *In re Rice-Etherly*, 336 B.R. 308, 312-13 (Bankr. E.D. Mich. 2006). Courts addressing this same issue in the context of the FDCPA's state law counterparts have articulated similar conclusions and analogized the FDCPA and state law statutory provisions. *See, e.g.*, *Covert*, 2013 WL 6490318, at *8 (noting that the same logic used when determining a FDCPA claim applies to the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act); *In re Jenkins*, 456 B.R. 236, 240 (Bankr. E.D.N.C. 2011) (discussing the similarities between the NCCAA and the FDCPA and why a proof of claim does not violate either statute). This Court finds the reasoning and conclusions of those cases persuasive and declines to extend the applicability of the NCCAA to encompass the filing of proofs of claim.

Filing a proof of claim is simply "a request to participate in the distribution of the bankruptcy estate under court control" and is not an effort to collect a debt against a consumer debtor as defined in N.C. Gen. Stat. § 58-70-90(2). *See Crawford v. LVNV Funding, LLC*, Nos. 2:12-CV-701-WKW, 2:12-CV-729-WKW, 2013 WL 1947616, at *2 (M.D. Ala. May 9, 2013) (internal quotation marks omitted); *Nussman*, 501 B.R. at 302; *In re McMillen*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010). *But see In re Grayboyes*, No. 02-33550-KJC, 2006 WL 437546, at *4 (E.D. Pa. Feb. 22, 2006) (noting that "[b]ankruptcy courts in the Third Circuit have uniformly determined that a proof of claim constitutes an action to collect a debt"). Debt collection activities falling within the scope of the NCCAA "have virtually nothing in common with the

filing of a proof of claim in bankruptcy court." *Jenkins*, 456 B.R. at 240; *see Crawford*, 2013 WL 1947616, at *2 (noting that "[f]iling a proof of claim is not the same thing as attempting to collect a debt"); *In re Rogers*, 391 B.R. 317, 327 (Bankr. M.D. La. 2008) ("Filing a proof of claim in a bankruptcy case cannot reasonably be construed as advertising, selling or distributing services or property within the meaning of [Louisiana's unfair debt collection act]."). In fact, the Bankruptcy Court for the Eastern District of North Carolina decided a factually similar case in October 2013, and held "that the filing of a proof of claim does not trigger N.C.G.S. 58-70-150." *Nussman*, 501 B.R. at 303. This ruling reaffirmed the holding in *Jenkins*, in which the court refused to equate filing a proof of claim with collection activity. *Jenkins*, 456 B.R. at 240.

Furthermore, construing a proof of claim as collection activity is "fundamentally at odds" with § 362(a)(6) of the Bankruptcy Code, which states that the filing of a petition operates as a stay to collect any pre-petition debt. *Id.* at 240. Accepting the Debtor's construction of the NCCAA would yield results inconsistent with the established meaning of the Bankruptcy Code and sanction conduct expressly permitted under the Code's provisions. This result "would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships." *In re Williams*, 392 B.R. 882, 888 (Bankr. M.D. Fla. 2008). Rather, an objection to claim is the more efficient and appropriate procedure to challenge the validity of a proof of claim. *Jenkins*, 456 B.R. at 241. Therefore, this Court finds that filing a proof of claim does not constitute debt collection activity under the NCCAA.

While the Court will grant the motion to dismiss, the Debtor's action does not warrant an award of attorney's fees to the Creditor. Under the American rule, attorney's fees are not recoverable by the prevailing litigant absent statutory authority or contractual agreement. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247-48 (1975); *In re Crescent City Estates,*

*LLC*, 588 F.3d 822, 825 (4th Cir. 2009). A strong presumption exists that the parties will bear their own costs of litigation regardless of the outcome. *Crescent City Estates*, 588 F.3d at 825. However, a court may depart from this presumption where Congress evidences a clear and unambiguous intent to modify the American rule. *Id.* at 825-26. Such modifications are typically subject to the court's discretion. *See, e.g.*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (addressing the court's discretion to award attorney's fees in the context of 17 U.S.C. § 505).

The Creditor asserts that it is entitled to an award of attorney's fees pursuant to Federal Rule of Bankruptcy Procedure 7054(b) and N.C. Gen. Stat. § 6-21.5. Although Rule 7054(b) and N.C. Gen. Stat. § 6-21.5 both permit an award of reasonable attorney's fees, the decision to grant such fees is solely within the discretion of the court. Fed. R. Bankr. P. 7054(b) (2013) ("The court *may* allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.") (emphasis added); N.C. Gen. Stat. § 6-21.5 (2012) (stating that a court "*may* award a reasonable attorney's fee to the prevailing party") (emphasis added); *In re PSLJ, Inc.*, 995 F.2d 1063 (4th Cir. 1993) (unpublished) ("Under Bankruptcy Rule 7054, the bankruptcy court may award costs to the prevailing party at its discretion unless a statute or rule provides otherwise."); *In re Brokers, Inc.*, 396 B.R. 146, 171 (Bankr. M.D.N.C. 2008) ("The award of fees under N.C. Gen. Stat. § 6-21.5 is within the court's discretion."); *Sunamerica Fin. Corp. v. Bonham*, 400 S.E.2d 435, 437 (N.C. 1991) ("Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed."). An award of fees under Rule 7054(b) will not be ordered "absent exceptional circumstances demanding equitable redress." *In re Kellar*, 125 B.R. 716, 719 (Bankr. N.D.N.Y. 1989).

In this case, the Debtor's complaint is premised upon the Court finding that a proof of claim constitutes debt collection activity under the NCCAA. At the time the complaint was filed in August 2013, *Nussman* had not been decided, and a split among bankruptcy courts existed regarding whether filing a proof of claim constituted debt collection activity under the FDCPA and its state law counterparts.[2] Based upon a careful review of the facts and circumstances of this case, and considering the recent developments of case law on the specific issue presented to the Court and the absence of binding and controlling precedent, this Court declines to award attorney's fees to the Creditor.

### III.  CONCLUSION

Based on the foregoing, it is therefore ORDERED that the Creditor's motion to dismiss is granted. This Court declines, however, to award attorney's fees to the Creditor and, therefore, the Creditor's request for fees is denied.

**END OF DOCUMENT**

---

[2] Additionally, the Debtor relied on *In re Westbrooks* to support the proposition that a proof of claim is debt collection activity. According to *Westbrooks*, "the [plaintiff's] complaint is in effect an objection or response to the proof of claim filed by the Bank Defendants, *which is itself an attempt to collect the debt owed to them.*" *In re Westbrooks*, 440 B.R. 677, 683 (Bankr. M.D.N.C. 2010) (emphasis added).